## ELEAZER POMROY *et ux.* *versus* PATTEN RICE.

Where a mortgage was given to a feme sole to secure the payment of a note, and she afterwards married and the note was then delivered up to the mortgager, and a new note taken by the husband of the mortgagee for the principal and interest tnen due, it was *held* that the mortgage was not thereby discharged, as against the grantee of the mortgager.

THIS was ejectment on a mortgage deed, dated October 25, 1825, and recorded, given by Daniel Coombs to the female plaintiff, who was then unmarried, to secure the payment of two notes, each for the sum of $200, one payable in three years, and the other in seven years, from April 1, 1826. On April 26, 1829, Coombs conveyed the mortgaged land to the defendant with covenants of warranty.

The defendant pleaded the general issue, and accord and satisfaction by two other notes given by Coombs to the plaintiffs. The plaintiffs replied, that they were not accepted in satisfaction, and issue was joined thereon.

At the trial, before *Shaw* C. J., it appeared that the mortgagee left the mortgage and notes in the custody of Samuel Tidd, who, about April 1, 1828, gave up the notes and took two new notes in the name of the mortgagee for $200 each, payable at the same times when the original notes would have become due respectively; he also took another note for the interest then due, which was paid. The object of renewing the notes was to obtain the interest.

In July, 1828, the mortgagee intermarried with the plaintiff, Eleazer Pomroy, and soon afterwards delivered the notes to Tidd and requested him to renew them in the name of her husband; but no request to that effect was made by the husband. On or about April 1, 1829, Tidd again renewed

the notes, by taking two negotiable notes in the name of the husband, each for $212, being the original principal with interest for one year, one note being payable on demand, and the other in four years. Nothing was said on the subject of the mortgage, at these several renewals. Soon after the last renewal, the note on demand was put in suit and collected; and at about the same time, Coombs failed, and he has since been without visible property and apparently insolvent This action was brought to obtain payment of the other note.

The defendant was defaulted, subject to the opinion of the Court upon these facts. If the Court should be of opinion, that the mortgage was discharged by any of the acts done, the default was to be taken off, and the plaintiffs to become nonsuit; otherwise judgment was to be entered as in the case of a mortgage, for the plaintiff.

*Washburn*, for the defendant. The taking of the new notes is *primâ facie* evidence of the payment of the original notes, which the mortgage was given to secure; and if the original notes were paid, the mortgage was. discharged. *Thacher* v. *Dinsmore*, 5 Mass. R. 299 ; *Maneely* v. *M' Gee*, 6 Mass. R. 143. The two notes made in the name of Eleazer Pomroy alone, were of a different date from the original notes, and for a different amount. The giving of these notes has been affirmed by him, as he has accepted them, and brought an action upon the note which was payable on demand. *Herring* v. *Polley*, 8 Mass. R. 113 ; *Amory* v. *Hamilton*, 17 Mass. R. 109. Even if the mortgage was not discharged as against the mortgager, it would be as against the defendant, who is a purchaser under the mortgager. *Watkins* v. *Hill*, 8 Pick. 522. The defendant seeing the original notes in the hands of the mortgager, to whom they were given up, had every reason to suppose that the mortgage was discharged.

*A. Bigelow* and *J. Bliss*, for the plaintiffs, cited *Davis* v. *Maynard*, 9 Mass. R. 242 ; *Crane* v. *March*, 4 Pick. 131 ; *Watkins* v. *Hill*, 8 Pick. 522 ; Bac. Abr., *Baron & Feme*, C, 3 ; *Parkist* v. *Alexander*, 1 Johns. Ch. R. 394 ; *Hardwicke* v. *Mynd*, 1 Anstr. 109.

WILDE J. delivered the opinion of the Court. It has been contended by the counsel for the defendant, that the

Pomroy
*v.*
Rice.

*Oct. 2d.*

*Oct. 3d.*

Pomroy
v.
Rice.

evidence reported shows a payment of the notes mentioned in the mortgage deed set up by the plaintiffs, and consequently that the mortgage is discharged. But it is, we think, a well settled principle, that where a mortgage and note are given to secure the payment of a sum of money, the renewal of the note does not operate as a discharge of the mortgage. In *Davis* v. *Maynard*, 9 Mass. R. 242, the note was given up, and a recognizance was accepted for the sum due, and this was held not to discharge the mortgage. The mortgage and the note, it is said, are two distinct securities. Nothing but payment of the debt will discharge the mortgage. In *Watkins* v. *Hill*, 8 Pick. 522, it was held, that the renewal of a note secured by mortgage did not discharge the mortgage, it not being intended as payment. A remark is made in that case, from which an inference is made, that the case might have been decided differently if the action had been against a purchaser under the mortgager. We are of opinion, however, that it could have made no difference. The mortgagee's security cannot be impaired by any conveyance made by the mortgager.

It has been argued, that taking the new notes is *primâ facie* evidence of the payment of the old. But if it were, the circumstances under which the notes were renewed are abundantly sufficient to rebut any presumptive evidence, that the mortgage debt was paid. Tidd was requested to have the notes renewed, which *ex vi termini* rebuts the presumption of payment.

*Judgment for the plaintiff.*