# United States Court of Appeals
## For the First Circuit

No. 05-2813

MARGARITA VIVES; NELSON TRINIDAD; SALVADOR TRINIDAD-VIVES,

Plaintiffs, Appellants,

v.

VICTOR FAJARDO, SECRETARY, DEPARTMENT OF EDUCATION OF PUERTO RICO, MARÍA DEL CARMEN REYES; MARÍA I. RODRÍGUEZ; TANIA SABO,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Torruella, Circuit Judge,

Stahl, Senior Circuit Judge,

and Howard, Circuit Judge.

Manuel A. Rodríguez Banchs with whom Nora Vargas Acosta, De Jesús, Hey & Vargas, and Sheila I. Vélez Martínez were on brief, for appellants.
Leticia Casalduc-Rabell, Assistant Solicitor General, with whom Salvador J. Antonetti-Stutts, Solicitor General, Mariana Negrón-Vargas, Deputy Solicitor General and Maite D. Oronoz Rodríguez, Deputy Solicitor General, were on brief, for appellees.

January 5, 2007

**HOWARD**, **Circuit Judge**.   Appellants Margarita Vives, Nelson Trinidad, and their son, Salvador Trinidad-Vives, brought an action in the United States District Court for the District of Puerto Rico against the Secretary of Education, Victor Farjado, and three employees of the Puerto Rico Department of Education (Department), Maria Del Carmen Reyes, Maria Rodriguez, and Tania Sabo.   The complaint alleged retaliation in violation of the Rehabilitation Act.   See 29 U.S.C. § 794a; 45 C.F.R. § 80.7(e). Specifically, appellants claim that Reyes, Rodriguez, and Sabo told the Puerto Rico Department of Family (DOF) that Vives and Trinidad were negligent parents in retaliation for filing a complaint with a federal agency asserting disability discrimination against Salvador.   The district court granted summary judgment for the defendants on the ground that there was no evidence that the report to DOF was motivated by retaliatory animus.   We affirm.

Vives' and Trinidad's son Salvador was diagnosed with autism at the age of two.   For years, Vives and Trinidad have complained to the Department that the Puerto Rico schools had not provided Salvador with appropriate educational services.   In March 1999, appellants filed a complaint with the Office of Civil Rights of the United States Department of Education, alleging that its Puerto Rico counterpart had discriminated against Salvador on the basis of his disability by failing to provide him with an appropriate education. As a result of the complaint, the Office of

-2-

Civil Rights reached an agreement with the Department to increase the services provided to Salvador. In September 1999, appellants filed a second complaint with the Office of Civil Rights, alleging that the Department continued to discriminate against Salvador by failing to provide him with the promised services.

While appellants were pursuing remedies with the Office of Civil Rights, the relationship between appellants and Salvador's school providers deteriorated. Appellants had substantial disagreements with Sabo, Salvador's teacher, about his care. For reasons discussed later, at the end of November 1999, the school principal, Rodriguez, in consultation with Sabo and the school social worker, Reyes, notified DOF that the school believed that Salvador was receiving negligent care from his parents.

The providers' decision to report Vives and Trinidad to DOF is the basis for appellants' retaliation claim. The providers moved for summary judgment on the ground that there was no evidence from which a jury could conclude that their decision to notify DOF was motivated by retaliatory animus. The district court agreed. It determined that there was "ample evidence" to support the providers' belief that Salvador was being neglected by his parents, and that the appellants had produced no evidence that the providers' reasons for notifying DOF were pretextual. The court also granted summary judgment sua sponte to the Secretary of

Education because "there was no particular claim against the Secretary."

Appellants raise two arguments.  First, they contend that the district court erred in granting summary judgment to the school providers because there was a material dispute of fact concerning their motive for contacting DOF.  Second, appellants argue that, even if the providers were properly granted summary judgment, the court erred by granting the Secretary summary judgment sua sponte.

We review summary judgment rulings de novo.  See Nieves-Vega v. Ortiz-Quinones, 443 F.3d 134, 136 (1st Cir. 2006).  Summary judgment is appropriately granted where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  Fed R. Civ. P. 56(c).  Even in retaliation cases, "where elusive concepts such as motive or intent are at issue, summary judgment is appropriate if the non-moving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation."  Benoit v. Tech. Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003) (internal citations omitted).

Under the Rehabilitation Act, the appellants may assert a retaliation claim based on Vives' and Trinidad's complaint to the Office of Civil Rights on behalf of Salvador, even though neither Vives nor Trinidad are disabled.  See Davis v. Flexman, 109 F. Supp. 2d 776, 801-02 (S.D. Ohio 1999) (stating that the plaintiff's "lack of a disability does not deprive her of standing to bring a

claim for retaliation under the Rehabilitation Act") (collecting cases); Whitehead v. Sch. Bd. of Hillsborough County, 918 F. Supp. 1515, 1522 (M.D. Fla. 1996) (similar). Such claims are typically evaluated through a variant of the McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973), burden-shifting framework. See Calero-Cerezo v. United States Dep't of Justice, 355 F.3d 6, 25 (1st Cir. 2004) (retaliation claim under Title VII); Hunt v. St. Peter Sch., 963 F. Supp. 843, 854 (W.D. Mo. 1997) (third-party retaliation claim under the Rehabilitation Act). We have recognized, however, that on "summary judgment, the need to order the presentation of proof is largely obviated, and a court may often dispense with strict attention to the burden-shifting framework, focusing instead on whether the evidence as a whole is sufficient to make out a jury question as to pretext and discriminatory animus." Fennell v. First Step Designs, Ltd., 83 F.3d 526, 535 (1st Cir. 1996). Thus, to survive summary judgment, the appellants needed to produce competent evidence from which a reasonable factfinder could conclude that the providers contacted DOF in retaliation for appellants' complaint to the Office of Civil Rights.

We have carefully scrutinized the summary judgment record and agree with the district court that there is insufficient evidence of retaliatory animus to warrant a trial. The record contains several letters from Sabo to Vives asking her for a contact telephone number for her or her husband because Salvador

had suffered convulsions at school.  Vives responded that she and her husband were too busy during the day to be reached, and that the school should call 911 in case of an emergency.

Vives took a similar attitude in response to notices that Salvador was suffering from health and behavioral problems. There were several exchanges between Sabo and Vives regarding Sabo's concern over Salvador's chronic diarrhea and his overly aggressive behavior.  Instead of working constructively to address these concerns, Vives accused Sabo of perpetually conveying negative information about her son and asserted that there were no problems at home.  Finally, and most significantly, the school providers noticed that Salvador had come to school with bruises on his arms.

Under Puerto Rico law, school providers have a legal duty to report to DOF "situations of abuse . . . and/or neglect against a minor [that] . . . may be suspected to exist."  8 P.R. Laws Ann. § 446.  When the school providers contacted DOF about Vives and Trinidad, they had a sufficient basis to believe that Salvador was being abused or neglected: Salvador's mother had told the school that she and her husband were too busy to deal with emergencies involving their son;  Salvador's mother showed an unwillingness to work with the school to address her son's health and behavioral difficulties; and there was evidence suggesting that Salvador had suffered physical abuse at home.

-6-

Appellants contend a factfinder could conclude that the providers' reasons for contacting DOF were pretextual because that there was no medical proof that Salvador "in fact had diarrhea as opposed to soft stool." But the nature of Salvador's gastrointestinal status is beside the point. Whatever label is applied, the appellants do not dispute that Salvador suffered some gastrointestinal difficulties during the school day. There is no evidence that the appellants explained to the school providers their understanding of Salvador's health problem. The record instead reflects that Vives blamed the teacher for Salvador's problem and refused to engage in constructive dialogue. It was reasonable for the providers to view this intransigence as negligence. Aside from this assertion regarding the nature of Salvador's condition, appellants rely entirely on their bald assertion that the providers were motivated by retaliatory animus. But such unsupported speculation is not enough to survive summary judgment. See Benoit, 331 F.3d at 173. Accordingly, summary judgment was appropriately granted to the providers.

Appellants also challenge the district court's sua sponte grant of summary judgment to the Secretary of Education. They argue that because "the Secretary . . . requested no action from the court . . . the merits of the retaliation claim should have been referred to the jury."

District courts "have the power to grant summary judgment sua sponte." Berkovitz v. Home Box Office, Inc., 89 F.3d 24, 29 (1st Cir. 1996). Before doing so, however, the court, inter alia, must give "the targeted party" appropriate notice and a chance to present its evidence on the essential elements of the claim. Id. Appellants did not receive notice before the Secretary was granted summary judgment.

We will not, however, invariably remand where the district court granted summary judgment without affording adequate notice. To obtain relief in such circumstances, the appealing party must demonstrate prejudice from the lack of notice. See Ward v. Utah, 398 F.3d 1239, 1245-46 (10th Cir. 2005); Bridgeway Corp. v. Citibank, 201 F.3d 134, 139-40 (2d Cir. 2000); Yashon v. Gregory, 737 F.2d 547, 552 (6th Cir. 1984).

Appellants have not demonstrated prejudice, nor could they. In filings before the district court, the appellants acknowledged that their complaint was based entirely on alleged retaliation perpetrated against them by the school providers. Yet appellants' only allegation of retaliation against the providers was their report to DOF for which, as discussed above, there is no evidence of retaliatory motive. Accordingly, the Secretary was entitled to summary judgment for the same reason as the other defendants.

**Affirmed**.