# United States Court of Appeals
## For the First Circuit

No. 08-2331

JOSEPH BRAGA,

Plaintiff, Appellant,

v.

THOMAS HODGSON,
INDIVIDUALLY AND IN HIS CAPACITY AS SHERIFF OF BRISTOL COUNTY,
AND CERTAIN UNKNOWN INDIVIDUALS,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole, Jr., U.S. District Judge]

Before

Torruella, Circuit Judge,
Souter, Associate Justice,[*] and Stahl, Circuit Judge.

Edward J. McCormick, III, for appellant.
Mary Jo Harris with whom Robert P. Morris and Morgan, Brown
& Joy, LLP, were on brief for appellee Hodgson.

May 14, 2010

---

[*]The Hon. David H. Souter, Associate Justice (Ret.) of the
Supreme Court of the United states, sitting by designation.

**STAHL**, **Circuit Judge**.  Plaintiff-appellant Joseph Braga, a former inmate at the Bristol County House of Correction in Dartmouth, Massachusetts, brought suit against defendant-appellee Thomas Hodgson, Sheriff of Bristol County, Massachusetts.[1]  Braga alleged that the Sheriff's negligent maintenance of the facility caused him physical injuries (the "negligence claim") and that the Sheriff intentionally or with deliberate indifference denied Braga proper medical care, in violation of  42 U.S.C. § 1983 (the "Section 1983 claim").  After considering written and oral argument, the district court granted summary judgment in the Sheriff's favor on both counts.  Having carefully reviewed the record, we affirm.  Braga also appeals the district court's entry of a protective order preventing Braga from deposing the Sheriff. We affirm that decision as well.

We first address the protective order issue, because Braga argues that his ability to create an adequate record to survive summary judgment was undermined by not being permitted to depose the Sheriff.  Braga asserts that he made six attempts to schedule a deposition of the Sheriff over the course of a year, all

_____

[1]Braga also named Prison Health Services, Inc. ("PHS") as a defendant in his amended complaint.  The district court granted summary judgment in favor of PHS on one count (a claim under 42 U.S.C. § 1983), but denied summary judgment as to a second claim against PHS (negligent provision of medical care regarding surgical repair of his knee).  Braga and PHS apparently settled the negligence claim without proceeding to trial.

-2-

of which were rebuffed due to scheduling conflicts. Only after these six attempts did the Sheriff move for a protective order.

Under Fed. R. Civ. P. 26(c) a party may seek a protective order to prevent or limit discovery in order to avoid "annoyance, embarrassment, oppression, or undue burden or expense." While we generally favor broad pretrial discovery, it is also true that the "trial judge has broad discretion in ruling on pre-trial management matters, and we review the district court's denial of discovery for abuse of its considerable discretion." Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 91 (1st Cir. 1996).

The district court's oral decision granting the protective order rested on a determination that, with all other discovery completed, Braga had failed to put forth any evidence whatsoever that (1) the Sheriff had any personal knowledge of Braga's health care or (2) there was any basis for a Monell claim[2] that there was a policy or practice of denying health care to inmates. The court therefore granted the protective order, concluding that Braga's request to depose the Sheriff did not conform to Fed. R. Civ. P. 26(b)(1), which requires that "the discovery appear[] reasonably calculated to lead to the discovery of admissible evidence."

---

[2]See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694-95 (1978) (permitting Section 1983 suits against municipalities and other local governments for a policy or custom that violates an individual's constitutional rights).

-3-

Having reviewed the summary judgment record, we agree with the district court's conclusion that Braga put forth no evidence or plausible argument suggesting that a deposition of Hodgson was reasonably calculated to lead to other discoverable materials regarding his claims against the Sheriff. See Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd., 333 F.3d 38, 41-42 (1st Cir. 2003). Neither at the motion hearing nor in his papers to the district court or this court has Braga plausibly suggested that the Sheriff had any personal knowledge of Braga's medical care or that there was any policy or practice of denial of health care. As such, the request to depose was not reasonably calculated to yield discoverable materials and was instead closer to a fishing expedition.[3] See, e.g., Fennell v. First Step Designs, Ltd., 83 F.3d 526, 533-34 (1st Cir. 1996). Thus, finding no abuse of discretion, we affirm the grant of the protective order.[4]

Braga also appeals from the district court's grant of summary judgment as to the negligence and Section 1983 claims. We

---

[3]This conclusion is based on the paucity of evidence put forth by Braga in support of his claims against the Sheriff. We thus affirm the district court's grant of a protective order without reaching the issue pressed by the Sheriff on appeal, namely that his status as a high-ranking public official provides an alternative ground to affirm the protective order grant. A resolution of this issue is not necessary here.

[4]In its oral decision on the protective order, the district court rightly acknowledged that deciding that issue required the court to consider, at least preliminarily, the viability on the merits of Braga's claims against the Sheriff. Indeed, the two issues are closely intertwined for our purposes as well.

review both decisions de novo, Singh v. Blue Cross/Blue Shield of Mass., Inc., 308 F.3d 25, 31 (1st Cir. 2002), and will affirm if there is "no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Importantly, the nonmoving party "may not rest upon mere allegation . . . but must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. Employing these standards, we affirm the district court's entry of summary judgment for the following reasons.

First, the negligence claim was properly dismissed because Braga failed to comply with the presentment requirement of Massachusetts General Law 258, Section 4 (the Massachusetts Tort Claims Act), which obliges a claimant to first present a negligence claim against a public employer to the executive officer of the public employer. See Weaver v. Commonwealth, 438 N.E.2d 831, 833-36 (Mass. 1982). Braga stipulated before the district court that he made no such presentment and he offers no compelling argument on appeal that we should ignore the rule that presentment should be made "in strict compliance with the statute." Id. at 834, 47. We therefore affirm the grant of summary judgment as to the negligence claim.[5]

---

[5]We also note that, beyond the presentment problem, Braga's own deposition fatally undermined his negligence claim. He alleged in his complaint that the Sheriff failed to maintain the jail in a

Second, the district court also properly granted summary judgment as to Braga's Section 1983 claim against the Sheriff in his individual and official capacities. As to Braga's individual capacity claim, the summary judgment record showed absolutely no evidence of the Sheriff's personal involvement with or knowledge of Braga's medical care.[6] See Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999) ("It is axiomatic that the liability of persons sued in their individual capacities under section 1983 must be gauged in terms of their own actions."). Therefore, this claim has no merit and summary judgment was warranted.

As to the Sheriff's actions in his official capacity, the district court granted summary judgment because it found that there was not sufficient evidentiary support to sustain Braga's claim of an Eighth Amendment violation. Having reviewed the summary judgment record, we agree.

reasonably safe manner, which in turn caused an injury to his knee. Yet Braga was unable, at deposition, to identify the cause of the knee injury or what area of the jail had been negligently maintained. When asked how his knee was injured he replied, "I do not know." He went on to answer similar questions with "I don't know," "I don't remember," and "I just don't remember what [the cause of the injury] was." Plainly, then, there was no factual basis for his claim of negligence.

[6]On appeal, Braga attempts to create a question of material fact on this issue by pointing to his post-deposition affidavit wherein he, Braga, alleged that he sent several letters to the Sheriff complaining of his medical treatment while he was incarcerated. However, the district court granted the Sheriff's motion to strike that affidavit and Braga did not appeal from that grant. Therefore the affidavit is not part of the record before us.

Where a prisoner claims that his Eighth Amendment rights were violated by denial of access to proper medical care, "he must prove that the defendants' actions amounted to 'deliberate indifference to a serious medical need.'" DesRosiers v. Moran, 949 F.2d 15, 18 (1st Cir. 1991) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "Moreover, inadvertent failures to provide medical care, even if negligent, do not sink to the level of deliberate indifference. In order to establish deliberate indifference, the complainant must prove that the defendants had a culpable state of mind and intended wantonly to inflict pain." Id. at 19 (citations omitted).

Braga's allegations of harm inflicted by prison officials come nowhere near the level of deliberate indifference required. Braga cites four incidents which he says were sufficient to permit his claim against the Sheriff to survive summary judgement. Two of these claims (that a prison doctor refused to provide answers over the phone to a hospital emergency room doctor regarding Braga's heart medication, and that a prison doctor threatened Braga with solitary confinement if he kept submitting sick slips complaining of health problems) only involve allegations of wrong-doing by doctors employed by Prison Health Services, Inc., rather than corrections officials. Without more, they therefore do not support an Eighth Amendment claim against the Sheriff.

Braga's other two allegations implicate corrections officials. First, he alleges that on one occasion corrections officers removed him from the medical unit before he received his daily medication in order to comply with the guard schedule. However, he does not allege that he suffered any ill effect from this medication delay.

Second, he alleges that officers removed him from a hospital before he had a heart ventricle unblocked, contrary to doctor's orders. However, the medical report in the record shows that he was discharged by the hospital after undergoing a cardiac catheterization that ruled out a heart attack and confirmed "mild to moderate disease involving the [left anterior descending artery] with normal left ventricular function." The recommended treatment was "ongoing medical therapy . . . for risk factor modification" and use of a "lipid-lowering agent." In other words, his discharge appears consistent with the medical recommendation of the hospital physicians. Further, at his own deposition, Braga admitted that the hospital doctors "said [the heart problem] would eventually need to be taken care of. And when I asked if it was life-threatening, they said no." We therefore agree with the district court that Braga failed to put forth any evidence at all to support his theory of deliberate indifference to his medical care.[7]

---

[7]We need not reach an additional, obvious infirmity with Braga's Section 1983 claim, namely that he cannot connect his allegedly poor medical treatment to any action or inaction of the

For the foregoing reasons, we **affirm** the district court's grant of a protective order and entry of summary judgment.

**Affirmed**.

---

Sheriff or to any policy or practice of the county.