# United States Court of Appeals
## For the First Circuit

---

No. 07-1847

PUERTO RICO ELECTRIC POWER AUTHORITY (PREPA),

Plaintiff, Appellant,

v.

ACTION REFUND and STANLEY K. WALLIN,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Jaime Pieras, Jr., U.S. Senior District Judge]

---

Before

Torruella, Circuit Judge,
Baldock,* Senior Circuit Judge,
and Smith,** District Judge.

---

Marco A. González, Jr., with whom Gia G. Incardone and Duane
Morris LLP were on brief, for appellant.
David F. Smith, with whom W. Clifton Holmes, Sher & Blackwell
LLP, José E. Alfaro-Delgado, and Brown & Ubarri, P.S.C. were on
brief, for appellees.

---

February 7, 2008

---

* Of the Tenth Circuit, sitting by designation.

** Of the District of Rhode Island, sitting by designation.

**TORRUELLA**, **Circuit Judge**.  This is an appeal from the district court's grant of summary judgment dismissing all of the plaintiff's claims and allowing, in part, the defendants' counterclaims.  The plaintiff-appellant, Puerto Rico Electric Power Authority ("PREPA"), is a public utility that generates and sells electric power to businesses and residents of Puerto Rico.  The defendants-appellees are Action Refund, a North Carolina corporation engaged in the business of helping qualified entities obtain refunds from the United States Department of Energy ("DOE"), and its principal, Stanley K. Wallin.

In September 2004, the parties signed a contract (hereinafter, "the Contract") which provided that Action Refund would act as a representative in PREPA's claim for refunds and be paid twenty percent of the total amount received.  PREPA received a refund of $3 million and refused to pay the twenty percent fee, asserting that the Contract was invalid.  In December 2006, PREPA filed the instant suit against Wallin and Action Refund, seeking a declaratory judgment to invalidate the Contract and damages for fraud, fraudulent inducement, and unconscionability.

Wallin and Action Refund moved for summary judgment on only the declaratory judgment count.  The court granted the motion and, sua sponte, dismissed the remaining three counts. Upon motion of the defendants, the court then granted summary judgment on their counterclaims: the court declared the Contract to be valid and

-2-

binding and that the defendants were entitled to payment of the twenty percent fee. PREPA appealed. After careful consideration, we affirm the district court's orders.

## I. Background

In 1986, a federal multi-district litigation alleged that various producers and sellers of domestic crude oil and refined petroleum products were overcharging customers in violation of DOE regulations. The litigation resulted in a settlement of approximately $5 billion in overcharges from the offending parties. The DOE collected the funds and created a repayment process in which affected end-use consumers could submit claims to obtain a share of the overcharges. The refunds were disbursed in three rounds: the first in the late 1980s, the second in the mid-1990s, and the third in 2004.

PREPA was among the affected end-use consumers; after submitting its claims in 1988, it received a refund of nearly $7 million in 1997. In May 2004, the DOE published procedures to obtain refunds in the third and final round. See Final Procedures for Distribution of Remaining Crude Oil Overcharge Refunds, 69 Fed. Reg. 29,300 (May 21, 2004). This round, limited to those "successful claimants" who had already received refunds, required claimants to submit the necessary paperwork on or before December 31, 2004, or otherwise forfeit all rights to the refund. Id. at 29,304. In addition to the publication in the Federal

Register, written notice was to be sent to the approximately 3,400 eligible claimants. Id. PREPA asserts that it never received written notice from the DOE.[1]

Since 1992, Wallin had assisted claimants in obtaining petroleum refunds. Through a subcontracting relationship with a refund claimant company, PBA Tax Accounting, Inc., Wallin contacted companies that qualified for the DOE refund program and offered to help prepare and submit the necessary documentation. Sometime in 1993, he learned that PREPA's application was still pending and offered to help facilitate the refund process. PREPA and PBA signed a contract providing that PBA would receive a service fee of ten percent of the total refund amount in return for its services. The relationship soured in 1997 when PREPA received the nearly $7 million refund check and refused to pay PBA. The parties settled the dispute for $250,000 in October 1998.

In the summer of 2004, Wallin, now the sole proprietor of Action Refund, discovered that PREPA had not claimed its third-round refund. Wallin contacted PREPA and offered to assist in the refund process. On August 6, 2004, he submitted a written proposal for services as well as a proposed contract. The proposal authorized Action Refund to act as PREPA's representative. In

---

[1] It appears that the DOE mailed PREPA's notice to a San Juan Post Office Box address in the care of the attorney who had filed the original refund application in 1988; he was no longer associated with PREPA in 2004.

-4-

return for providing information and services about refunds, Action Refund was to receive twenty percent of the money. Various employees at PREPA, including its legal department, reviewed the proposed contract. They asked for, and received, additional information about Wallin and Action Refund. At no time did either party discuss the prior relationship between PREPA and PBA. PREPA proposed the addition of a paragraph limiting Action Refund's authorization to one year. Wallin agreed and the Contract was executed by the parties on September 20 and 21, 2004.

On October 4, 2004, Wallin submitted PREPA's verification documentation to the DOE and made various follow-up communications. In January 2005, the DOE contacted PREPA and requested that it submit a verification form which was identical to the one submitted by Wallin in October. On March 28, 2006, PREPA received a refund check for $3 million. Wallin demanded the twenty percent fee described in the contract and PREPA refused.

PREPA filed the instant suit in the United States District Court for the District of Puerto Rico against Wallin and Action Refund on December 16, 2005 on the basis of federal diversity jurisdiction, seeking: a declaratory judgment establishing that the Contract is void and invalid (Count One) and damages for fraud in the inducement, fraud, and unconscionability (Counts Two, Three, and Four, respectively). The defendants answered and filed a counterclaim seeking their own declaratory

judgment establishing the validity of the Contract, by which Action Refund is entitled to twenty percent of the refund, and damages for the breach. Following discovery, the defendants filed a motion for summary judgment with respect to Count One only. PREPA opposed the motion. On December 29, 2006, the district court allowed the defendants' motion for summary judgment on Count One and sua sponte dismissed PREPA's remaining three counts, leaving only the defendants' counterclaims.

Two months later, the defendants moved for summary judgment on their counterclaims. PREPA opposed the motion and asserted that the district court's sua sponte dismissal of Counts Two, Three, and Four of its complaint was improper. On March 15, 2007, the district court issued an order giving PREPA "ten days to oppose the summary disposition of its claims, and said response must be filed with the Court on or before March 29, 2007." PREPA v. Action Refund, No. 05-2302 (D.P.R. Mar. 15, 2007) (order giving PREPA ten days to oppose disposition). In response, PREPA filed a motion to vacate the December 29 dismissal of its complaint. On March 30, 2007, the district court entered an order and final judgment allowing, in part,[2] the defendants' motion for summary judgment on its counterclaims and denying PREPA's motion to vacate the December judgment.

---

[2] The district court's order denied the defendants' motion seeking pre-judgment interest and attorneys' fees.

-6-

## II. Discussion

### A. Standard of Review

We review a district court's grant of summary judgment <u>de novo</u>, and the record is evaluated in the light most favorable to the nonmoving party, indulging all reasonable inferences in that party's favor. <u>See</u> <u>Chao</u> v. <u>Hotel Oasis, Inc.</u>, 493 F.3d 26, 33 (1st Cir. 2007); Fed. R. Civ. P. 56.

On appeal, PREPA challenges the district court's decision on procedural and substantive grounds. It asserts that the district court erred in entering summary judgment <u>sua sponte</u> on Counts Two, Three, and Four, without providing sufficient notice. It also contends that, irrespective of the notice issue, the evidence on the record demonstrates that there are genuine issues of material fact with respect to all counts as well as the counterclaims.

### B. Count One: Declaratory Judgment

Count One of the complaint seeks a declaratory judgment establishing that the Contract is void and invalid for lack of consideration. Specifically, PREPA asserts that the DOE refund was not obtained through "any information or work by Action Refund." The district court allowed the defendants' motion for summary judgment.

We begin with the requirements for a valid contract under Puerto Rico law:[3] (1) consent of the parties, (2) a definite object of the contract, and (3) consideration. See P.R. Laws Ann. tit. 31, § 3391 (2004). PREPA alleges that the contract lacked consideration because it was already entitled to the refund without any further action on the part of the defendants.[4] The allegation stems from PREPA's realization that Action Refund had only completed a simple, one-page form to obtain the refund. PREPA contends that the form is one that could easily have been completed without Action Refund and, therefore, there was no consideration. We disagree.

---

[3] Because this case is brought under diversity jurisdiction, we consider all of PREPA's claims under Puerto Rico contract law. See, e.g., Cabán Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 11 (1st Cir. 2007).

[4] Count One alleges invalidity of the Contract for lack of consideration. However, in its opposition to summary judgment on this count (as well as in its brief on appeal), PREPA contends that the Contract is also invalid for lack of consent because of fraud or "dolo." Given the complaint's failure to make this allegation in Count One, much less meet the Rule 9(b) particularity requirement for allegations of "dolo" involving fraud, see Generadora De Electricidad Del Caribe, Inc. v. Foster Wheeler Corp., 92 F. Supp. 2d 8, 20 (D.P.R. 2000), we will discuss fraud only within Counts Two and Three. We note, however, that the lack of consent argument is unpersuasive. It is hard to see how PREPA, a sophisticated and experienced corporation with a legal department who reviewed the Contract, was a victim of deceit in this case. See Raytheon-Catalytic, Inc. v. Gulf Chem. Corp., 959 F. Supp. 100, 109 (D.P.R. 1997) (finding that a "person's education, his social and economic status, his relations, and the type of business in which he is engaged are significant when trying to determine the existence of 'dolus' that would void his consent").

-8-

The Contract, signed by both parties, provided as follows:

1. I hereby authorize Action Refund to act as our representative in the claim for Petroleum Refunds.

2. Action Refund will provide information and services about refunds regarding petroleum and petroleum product overcharges.

3. All refunds and interest realized in our favor as a result of the information and work performed by Action Refund will be sent directly to [PREPA].

4. All refunds realized will be shared as follows: Action Refund will receive 20% of an amount equal to the total amount received and it is understood no other cost or fees will be paid to Action Refund.

5. Upon receipt of the refund check [PREPA] will remit the appropriate amount of refund due to Action Refund within seven working days.

6. This authorization is effective for one year commencing on the date of September 21, 2004.

The Contract thus specified that in return for successfully obtaining a crude oil refund on behalf of PREPA, Action Refund would receive twenty percent of the refund.[5] Action Refund's

---

[5] While PREPA automatically qualified for the refund, the Federal Register Notice makes clear that without further proactive steps by PREPA before the December 2004 deadline, it would not have been eligible to obtain the final refund. In September 2004, when the parties signed the Contract, no submission to the DOE entitled PREPA to a third-round refund. In fact, the record indicates that as of the December 31, 2004 deadline, no forms were filed by or on behalf of PREPA other than that submitted by Wallin and Action

-9-

promise to act on behalf of PREPA and render services necessary to obtain the refund is consideration for the Contract. See P.R. Laws Ann. tit. 31, § 3431 ("[the] promise of a thing or services by the other party is understood as a consideration").

PREPA's related argument -- that the consideration is inadequate because those services amounted only to the filing of a single piece of paper -- is similarly unavailing. A general principle of contract law provides that "courts will not inquire into the adequacy of consideration in an agreed-upon exchange," unless that consideration is "'so grossly inadequate as to shock the conscience of the court.'" Kenda Corp., Inc. v. Pot O'Gold Money Leagues, Inc., 329 F.3d 216, 229 (1st Cir. 2003) (citation omitted). We do not believe, taking into account the facts of this case, that the promise of services to obtain a $3 million refund in return for a twenty percent fee can be considered so grossly inadequate as to shock the conscience of the court. Moreover, the parties in this case are sophisticated business entities who engaged in arms-length negotiations. Given that they bargained and contracted for consideration terms which they deemed to be sufficient (and are sufficient under the law), we are loathe, on appeal, to "evaluate the relative adequacy of the consideration or to reweigh the soundness of the parties' judgments." In re Newport Plaza Assocs., L.P., 985 F.2d 640, 647 (1st Cir. 1993).

Refund.

-10-

Accordingly, the district court appropriately entered summary judgment in favor of the defendants on Count One of the complaint.

## C. **Counts Two Through Four: Fraud and Unconscionability**

### 1. **Procedural Issues**

After its summary dismissal of Count One, the district court went on to dismiss the remaining three claims without providing prior notice to the parties. The district court explained:

> Though Count [One] is titled and focuses on seeking a declaratory judgment from the Court due to lack of consideration, [PREPA] also draws from its other counts, namely its fraud and fraud in the inducement counts, to support its arguments. Consequently, the Court here evaluates whether summary judgment is appropriate for each of Plaintiff's claims.

Puerto Rico Electric Power Auth. v. Action Refund, 472 F. Supp. 2d 133, 135 n.1 (D.P.R. 2006) ("PREPA I").

It is without question that district courts, in appropriate circumstances, are entitled to enter summary judgment sua sponte. See Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986); accord Berkovitz v. Home Box Office, Inc., 89 F.3d 24, 29 (1st Cir. 1996). In an effort to limit "the unfairness lurking in this approach," Sánchez v. Triple-S Mgmt. Corp., 492 F.3d 1, 7 (1st Cir. 2007), we have required two conditions prior to the district court's exercise of such a right:

> First, the discovery process "must be sufficiently advanced that the parties have

-11-

> enjoyed a reasonable opportunity to glean the material facts." Second, the district court must provide "the targeted party appropriate notice and a chance to present its evidence on the essential elements of the claim or defense."

Id. (quoting Berkovitz, 89 F.3d at 29). There is no dispute that the first Berkovitz requirement is satisfied: the parties had completed discovery and had even filed pretrial memoranda when the district court ruled on the defendants' motion for summary judgment as to Count One. The district court, however, failed to give any notice of its intention to enter summary judgment on the other three counts of the complaint.

We have previously observed that a failure to provide adequate notice is not necessarily reversible error requiring a remand to the district court. See Vives v. Fajardo, 472 F.3d 19, 22 (1st Cir. 2007) (finding that lack of notice was not reversible error where appealing party could not demonstrate prejudice) (citing Ward v. Utah, 398 F.3d 1239, 1245-46 (10th Cir. 2005); Bridgeway Corp. v. Citibank, 201 F.3d 134, 139-40 (2d Cir. 2000); Yashon v. Gregory, 737 F.2d 547, 552 (6th Cir. 1984)); see also O'Hara v. Gen. Motors Corp., 508 F.3d 753, 763-64 (5th Cir. 2007) (applying a harmless error exception to the notice requirement); Gibson v. Mayor & Council of the City of Wilmington, 355 F.3d 215, 219 (3d Cir. 2004) (recognizing a narrow exception to the notice requirement where the record is fully developed, the issue is purely legal, and there is no prejudice to the parties). Evidence

-12-

that the appealing party was procedurally prejudiced as a result of the failure to provide notice before <u>sua sponte</u> dismissal requires reversal. If, however, the appellant cannot demonstrate such prejudice -- by establishing that it was unable to present evidence in support of its position as a result of the unfair surprise -- the failure to provide notice is harmless error and a remand would be futile.[6] <u>See</u> <u>Vives</u>, 472 F.3d at 22.

Our inquiry is focused on whether PREPA was procedurally prejudiced by the lack of notice. In the summary judgment order, the district court explained the appropriateness of summary judgment for <u>all</u> of the counts in the complaint because PREPA drew from those other counts to support its arguments. <u>PREPA I</u>, 472 F. Supp. 2d at 135 n.1. Specifically, PREPA presented arguments and supporting evidence in support of its fraud claims in its opposition to the defendants' motion for summary judgment on the declaratory judgment count. Even on appeal, PREPA fuses the counts together and alleges that the district court improperly granted summary judgment on Count One because the defendants acted fraudulently.[7]

---

[6] Given the risk of unfairness and the low cost of providing notice, we do not encourage the practice of <u>sua sponte</u> summary dismissal. <u>See</u>, <u>e.g.</u>, <u>Bridgeway Corp.</u> v. <u>Citibank</u>, 201 F.3d 134, 139 (2d Cir. 2000).

[7] In its brief, PREPA asserts that the contract is invalid because the defendants "misrepresented and omitted material facts that illicitly induced PREPA officials to agree to the 2004 Contract."

The procedural posture of this case is further complicated by subsequent orders by the district court. Following the court's dismissal of the complaint, the defendants moved for summary judgment on their counterclaim. As part of its opposition to the motion, PREPA argued that the court's sua sponte summary dismissal of its entire complaint, without proper notice, was contrary to Rule 56 and a violation of due process. In response, on March 15, 2007, the district court ordered PREPA to file an opposition to the summary disposition of the claims within ten days. On March 29, 2007, PREPA filed a motion to set aside judgment in which it asserted that genuine issues of material fact preclude the entry of summary judgment on all counts.

PREPA's motion to set aside judgment provides us with a unique opportunity to review what, if any, additional information PREPA was prevented from presenting to the court as a result of the lack of notice.[8] A comparison between PREPA's filings on November 22 (opposition to summary judgment) and March 29 (motion to set aside judgment) reveals indistinguishable arguments regarding numerous allegedly fraudulent misrepresentations by Wallin, accompanied by several exhibits and deposition excerpts in support of those allegations. PREPA points to no additional

---

[8] We need not determine whether a district court can cure procedural prejudice resulting from lack of notice through this kind of post-dismissal order because no prejudice occurred in this case.

material evidence that it would otherwise have presented to the court had it been given notice that the court was considering its fraud and fraudulent inducement claims. Therefore, with respect to Counts Two and Three (fraudulent inducement and fraud, respectively), PREPA is unable to demonstrate procedural prejudice as a result of the lack of notice.

PREPA also fails to show prejudice with respect to Count Four, unconscionability. According to both the complaint and PREPA's motion to vacate judgment, this count is based on Wallin's allegedly "unreasonable coerc[ion of PREPA] into agreeing to the 20% commission fee," based on Wallin's alleged misrepresentations about the length and complexity of the process. The arguments and evidence PREPA would have proffered in support of its arguments are the same as those submitted to the court in its November opposition filings. As PREPA failed to demonstrate that it was procedurally precluded from providing evidence in support of its fraud claims, PREPA is likewise unable to make the same showing for its unconscionability claim.

Any error by the district court in considering PREPA's additional claims on summary judgment was harmless. PREPA placed those claims at issue by raising them in its November reply brief to the defendants' motion for summary judgment, to which they attached numerous exhibits. When given the opportunity to demonstrate prejudice for the sua sponte dismissal, PREPA

-15-

reasserted the same arguments and failed to identify evidence which it was precluded from presenting in support of its claims. Under these unique circumstances, PREPA was afforded an adequate opportunity to present the evidence in support of its claim.

## 2. **Substantive Issues**

On summary disposition, we take the facts as they appear in the record and draw inferences in favor of the nonmoving party. Ortiz-Piñero v. Rivera-Arroyo, 84 F.3d 7, 11 (1st Cir. 1996). Under Puerto Rico law, the party alleging fraud has the burden of demonstrating: (1) a false representation by the defendant; (2) the plaintiff's reasonable and foreseeable reliance thereon; (3) injury to the plaintiff as a result of the reliance; and (4) an intent to defraud. See Microsoft Corp. v. Computer Warehouse, 83 F. Supp. 2d 256, 262 (D.P.R. 2000); see also 31 L.P.R.A. § 3408. The applicable Puerto Rico contract law regarding fraud has a strong underlying presumption in favor of good faith and honesty; the party alleging fraud has the burden of presenting evidence which is "strong, clear, unchallengeable, convincing, and conclusive, since a mere preponderance of the evidence is not sufficient to establish the existence of fraud in [Puerto Rico]." Prado Álvarez v. R.J. Reynolds Tobacco Co., 313 F. Supp. 2d 61, 77 (D.P.R. 2004) (quoting F.C. Imports, Inc. v. First Nat'l Bank of Boston, N.A., 816 F. Supp. 78, 87 (D.P.R. 1993)), aff'd, 405 F.3d 36 (1st Cir. 2005).

In Counts Two and Three, PREPA alleges that Wallin, on behalf of Action Refund, made various misrepresentations regarding the necessity of retaining Action Refund's services. In its filings, PREPA elaborates on those allegations: (1) Wallin fraudulently represented that the process was complex and tedious despite knowing that it involved only a one-page verification document; and (2) Wallin failed to notify PREPA of their prior business relationship.[9]

After review of the record, we conclude that PREPA cannot present strong and unchallenged evidence which establishes the existence of fraud. On the contrary, the evidence demonstrates that the allegations of fraudulent misrepresentation are challenged vigorously by the defendants. Moreover, PREPA's fraud claims fail for lack of reasonable reliance. See Wadsworth Inc., v. Schwarz-Nin, 951 F. Supp. 314, 323 (D.P.R. 1996) ("[T]he unreasonableness of the plaintiff's reliance may be regarded as sufficient evidence that he did not in fact rely upon the claimed false representation." (citing F.C. Imports, 816 F. Supp. at 87)).

---

[9] The defendants also contend that the allegations of fraud were not asserted with sufficient particularity in the complaint. At oral argument, PREPA informed the court that it had sought to amend its complaint, but the district court denied the request and ordered the parties to submit statements describing the parties' prior relationship. In light of our conclusion that the district court properly dismissed the claims, we need not reach the issue of sufficiency of the allegations under the Federal Rule of Civil Procedure Rule 9(b) heightened pleading standard.

Puerto Rico law places little weight on a sophisticated and experienced business party's assertion of unknowing reliance. See Ramírez, Segal & Látimer v. Rigual, 23 P.R. Offic. Trans. 156, 166 (1989) (finding that the parties were "savvy businessmen" and "persons well versed in business and financial matters" and concluding that they must have been aware of the possible outcome of the contract's terms); Planned Credit of Puerto Rico, Inc. v. Page, 3 P.R. Offic. Trans. 341, 355 (1975) (looking at the plaintiff's education and business experience in rejecting the claim that he was deceived and induced into the transaction), cited with approval in Wadsworth, 951 F. Supp. at 325. Given the business sophistication of PREPA and the review of the Contract by its own legal department, the publicly available information regarding the claim application process, and PREPA's decision not to add specific contractual terms regarding the amount or type of work expected from Action Refund, any reliance upon the alleged misrepresentation is not reasonable.

Furthermore, we reject PREPA's argument that the defendants committed fraud by failing to inform PREPA of Wallin's prior relationship with PREPA. This makes little sense from either a legal or business perspective. Wallin's allegedly "prior contentious relationship" was not hidden from PREPA; in fact, that relationship had been with PREPA itself. Cf. United States v. Josleyn, 206 F.3d 144, 159 (1st Cir. 2000) (explaining that

knowledge obtained by an employee in the course of his work and within his scope of authority is imputed to the employer company). To impose a duty on the defendants to disclose information known to PREPA through its employees would effectively fault them for PREPA's own deficiencies in institutional knowledge. Thus, as a matter of law, PREPA fails to meet the standard for fraud under Puerto Rico law.

Given the facts of this case, PREPA's fourth claim, unconscionability, is disposed of quickly. Unconscionability is a traditional, equitable remedy which will void an otherwise legally valid contract. See 8 Williston on Contracts, § 18:1 (4th ed. 2007). Puerto Rico law recognizes such judicial intervention where a contract exhibits an "excessively onerous quality that reaches the point of bad faith, and defeats those rules of collective conduct that must be observed by every honest and loyal conscience." López de Victoria v. Rodríguez, 13 P.R. Offic. Trans. 341, 349 (1982); see also Casera Foods, Inc. v. Puerto Rico, 8 P.R. Offic. Trans. 914 (1979) (applying an equitable remedy when an unforeseeable change of circumstances alters the contract into an objectively unfair one). This is not such a case. PREPA, a billion-dollar utility freely signed the Contract after several weeks of review by its own legal department. Cf. Riesett v. W.B. Doner & Co., 293 F.3d 164, 173 (4th Cir. 2002) ("The unconscionability doctrine has no application to contracts . . .

which were entered into by sophisticated parties who bargained at arms' length."). Therefore, the district court properly concluded that the defendants were entitled to judgment as a matter of law.

### D. Defendants' Counterclaims

Lastly, PREPA contends that the district court erred in granting the defendants' motion for summary judgment on its counterclaims. The defendants sought a declaratory judgment establishing the validity of the contract and an award of interest, fees, and costs. The district court concluded that the Contract was valid and that Action Refund was entitled to payment pursuant to the Contract's terms, but denied the request for interest, fees, and costs. The court concluded that the Contract made no stipulation or reference to interest and there was no evidence of unreasonable litigiousness to justify the imposition of fees and costs.[10]

The defendants' counterclaim for declaratory judgment is effectively the reverse of the plaintiff's claim in Count One. Thus, for all of the reasons outlined above, we affirm the district court's determination that the Contract is valid and binding, and in accordance with its terms, Action Refund is entitled to twenty percent of the refund received.

---

[10] The defendants do not appeal this issue.

## III.  <u>Conclusion</u>

For the foregoing reasons, we affirm the orders of the district court dismissing the complaint and allowing, in part, the defendants' motion for summary judgment on their counterclaim.

**<u>Affirmed</u>**.