NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 7, 2011[*]
Decided August 18, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 07-3519

| | |
|---|---|
| BENYEHUDAH WHITFIELD, <br> *Plaintiff-Appellant,* | Appeal from the United States District <br> Court for the Central District of Illinois. |
| *v.* | No. 04-3136 |
| ROGER E. WALKER, JR., et al., <br> *Defendants-Appellees.* | Harold A. Baker, <br> *Judge.* |

### O R D E R

This suit has a tortuous history but at last may be brought to a relatively straightforward close. BenYeHudah Whitfield, who until recently was an Illinois inmate, claims that upward of 50 prison officials deprived him of rights secured by United States Constitution. The district court sua sponte granted summary judgment to the defendants on all but 2 of the 15 counts laid out in Whitfield's complaint; later the court granted the

---

[*]We initially dismissed this appeal on January 9, 2009. On April 7, 2011, we granted the plaintiff-appellant's motion to recall the mandate and reinstate the appeal. We conclude that oral argument is unnecessary. *See* FED. R. APP. P. 34(a)(2)(C). Circuit Judge Evans died on August 10, 2011, and did not participate in the decision of this case, which is being resolved by a quorum of the panel under 28 U.S.C. § 46(d).

remaining defendants' motion for summary judgment on the final 2 counts because those prison officials were not personally involved in the allegedly unconstitutional activity. We initially dismissed Whitfield's appeal because he did not pay the filing fee and, under our caselaw at the time, was not eligible to proceed in forma pauperis. *See* 28 U.S.C. § 1915(g). Since then, however, our understanding of the eligibility requirements has changed to Whitfield's benefit. *See Turley v. Gaetz*, 625 F.3d 1005 (7th Cir. 2010). Accordingly, we recalled the mandate and reinstated both the district court's order permitting him to proceed in forma pauperis and the underlying appeal. We now conclude that the district court did not err in granting summary judgment to the defendants and, therefore, affirm the judgment.

We begin with the procedural history. Whitfield filed a motion for summary judgment, and the defendants asked for more time to respond. They asserted that Whitfield had refused to answer their interrogatories and asked the court to compel his response. The court agreed to the defendants' request for more time and also granted their motion to compel. Still, for the next six months the interrogatories went unanswered as the parties traded barbs about the meaning of the court's order.

In the end, however, the district court determined that there was no need to resolve the parties' quibbles over the interrogatories, or to hold out for the defendants to file a response, because, in fact, the evidence that Whitfield had submitted along with his motion for summary judgment would not permit a reasonable juror to find in his favor on 13 of his 15 claims. To the contrary, the court alerted Whitfield that it was considering granting summary judgment in the defendants' favor on these claims and, accordingly, permitted him 30 days to respond with evidence that would create an issue of disputed fact. Notably, the court's order offered Whitfield a comprehensive explanation of the shortcomings he faced on each count. Despite this roadmap, though, Whitfield did not produce any additional evidence—even though the court repeatedly extended the deadline for his response. Five months later, the court gave up waiting and granted summary judgment for the defendants on these 13 claims.

All that remained of the suit at this point were two claims arising from a single event: Whitfield alleged that a prison "tactical team" violently roused him from his cell and then subjected him to a strip search in front of female prison officials. A few months after the court granted summary judgment on all but these two claims, the remaining defendants filed a motion for summary judgment. The problem, they pointed out, was that none of them were members of the tactical team. Whitfield's (largely undeveloped) theory is that the five defendants he *did* name should have done something to "rectify" the situation. But there is no evidence in the record that they were at the scene or that they even were aware

of what was happening, much less that they participated in the tactical team's operation or had any opportunity to put a stop to it. Because these defendants were not personally responsible for the alleged constitutional violations, the court concluded, they too were entitled to summary judgment.

On appeal, Whitfield raises two issues with the way the district court handled his motion for summary judgment. First, he contends that because the defendants never filed a response discussing the first 13 of his claims, the court ought to have deemed his proposed facts admitted and granted summary judgment in his favor. But the court granted the defendants an extension of time to file their response while the parties wrangled over Whitfield's refusal to answer the defendants' interrogatories. And then the district court eventually cut short the defendants' opportunity to respond to Whitfield's motion after concluding that the evidence Whitfield had submitted was not sufficient to permit a reasonable juror to find in his favor on any of these 13 claims. For that reason, the court warned Whitfield that it was considering instead sua sponte granting summary judgment in the *defendants*' favor and, accordingly, offered him what wound up being five months to respond with new evidence to remedy his shortcomings. Thus, because the facts that Whitfield proposed were legally insufficient to substantiate his claims, Whitfield could not have benefitted even if the court had deemed them admitted.

This brings us to Whitfield's second point on appeal: He contends that the district court was wrong to grant summary judgment sua sponte to the defendants because, he says, he was not afforded an adequate opportunity to respond to the court's concerns. (Significantly, however, he does not challenge whether the grant of summary judgment was correct on the merits.) "A district court is permitted to enter summary judgment sua sponte if the losing party has proper notice that the court is considering granting summary judgment and the losing party has a fair opportunity to present evidence in opposition." *Acequia, Inc. v. Prudential Ins. Co. of Am.*, 226 F.3d 798, 807 (7th Cir. 2000). *See also* FED. R. CIV. P. 56(f)(3); *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986); *Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 280 (3d Cir. 2010); *P.R. Electric Power Auth. v. Action Refund*, 515 F.3d 57, 64-65 (1st Cir. 2008). Whitfield does not dispute that he received proper notice of the court's intentions; he merely urges that the five months the court allotted him to dig up better evidence was not enough.

We disagree. A court contemplating a sua sponte entry of summary judgment need give the adversely affected party only "a reasonable time to respond." FED. R. CIV. P. 56(f)(3). The court initially gave Whitfield 30 days, 9 days more than he would have had to respond to a motion for summary judgment filed by the defendants themselves. C.D. ILL. LOCAL R. 7.1(D)(2). What's more, in response to Whitfield's multiple requests, the court

indulged his need for additional time—almost half a year's worth. Whitfield offers us no valid reason why he could not have acquired in five months' time the evidence he needed to show that he had a triable issue of fact. *See* FED. R. CIV. P. 56(d) (requiring a showing of "specified reasons" why nonmoving party needs more time to respond).

We turn next to the district court's grant of summary judgment to the five defendants who, Whitfield concedes, took no part in the tactical team's violently rousing him from his cell and then conducting a strip search in front of female prison officials. On appeal, Whitfield continues to insist that these five defendants "had the power to prevent the . . . violations from taking place but chose not to." Only a defendant who is personally responsible for depriving the plaintiff of a constitutional right may be held liable under § 1983. *Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006). If someone else has committed the act that resulted in the constitutional deprivation, then the defendant is personally responsible, and thus liable under § 1983, *only if* he knows about the other person's act, has a realistic opportunity to prevent it, but deliberately or recklessly fails to do so. *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009); *Smith v. Mensinger*, 293 F.3d 641, 650-51 (3d Cir. 2002); *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994).

Whitfield's argument founders because no evidence in the record permits us to decide that these five defendants had *any* opportunity, much less a realistic one, to protect him from the tactical team's allegedly unconstitutional outburst. The record on which Whitfield wants to proceed to trial tells us nothing about what these defendants knew, where they were at the time, or what their job duties were; all we have is Whitfield's statement that they "had the power" to stop the team in its tracks. But a conclusory assertion like that, lacking any details about the supposed "powers" or, indeed, any explanation how Whitfield came by his purported knowledge, is not sufficient to stave off summary judgment.

Whitfield also contends that the district court abused its discretion by denying three of his motions to compel discovery. We see no error. All the evidence Whitfield was seeking either is of unexplained relevance or, in fact, he wound up receiving.

AFFIRMED.