# United States Court of Appeals
## For the First Circuit

No. 24-2041

JENSEN AROCHO-RODRÍGUEZ,

Plaintiff, Appellant,

v.

JULIO ROLDÁN CONCEPCIÓN, Mayor, Municipality of Aguadilla; RUBÉN
NIEVES-ROLDÁN, Director, Office of Technologies; MAVIAEL
MORALES-NIEVES, Municipality Administrator; MUNICIPAL GOVERNMENT
OF AGUADILLA; JOHN DOE; JANE DOE; RICHARD ROE,

Defendants, Appellees,

XAYMARA MESONERO, Director, Human Resources,

Defendant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge,
Hon. Giselle López-Soler, U.S. Magistrate Judge]

Before

Gelpí, Thompson, and Rikelman,
Circuit Judges.

Israel Roldán-González for appellant.
Omar Andino-Figueroa, Solicitor General of Puerto Rico, Frank
A. Rosado Méndez, Deputy Solicitor General, and Mariola
Abreu-Acevedo, Assistant Solicitor General, for appellees Julio
Roldán Concepción, Rubén Nieves-Roldán, and Maviael
Morales-Nieves.
Carlos M. Hernández-López for appellee the Municipality of
Aguadilla.

May 21, 2026

**PER CURIAM.** Plaintiff-Appellant Jensen Arocho-Rodríguez sued various defendants for, among other claims, political discrimination in violation of the First Amendment. When some -- but not all -- of the defendants moved for summary judgment, the district court adopted a Report & Recommendation ("R&R"), granted the motion, and dismissed the entire case sua sponte. Arocho-Rodríguez appealed, and we now reverse.

## I. BACKGROUND

Arocho-Rodríguez is a member of Puerto Rico's New Progressive Party ("NPP") and a former System Technician Coordinator for the Municipality of Aguadilla. In January of 2021, Aguadilla Mayor Julio Roldán Concepción, a member of the Popular Democratic Party ("PDP"), took office. He appointed PDP members Rubén Nieves-Roldán and Maviael Morales-Nieves to the positions of Director of the Office of Technologies and City Administrator, respectively. Thereafter, Arocho-Rodríguez alleges that Mayor Roldán and his appointees retracted Arocho-Rodríguez's server access (rendering it impossible to complete his work), gave him a poor employment evaluation, and created such a "humiliating" work environment that he felt forced to resign, all because of his NPP membership.

Arocho-Rodríguez then sued Defendant-Appellee the Municipality of Aguadilla, and individual Defendants-Appellees Mayor Roldán, Nieves-Roldán, and Morales-Nieves in their official

- 3 -

and individual capacities pursuant to 42 U.S.C. § 1983. He brought a political discrimination claim under the First Amendment, an equal protection claim under the Fourteenth Amendment, and concomitant claims under Puerto Rico law.[1]

After motion practice and discovery, the individual Defendants-Appellees moved for summary judgment on the claims against them in their individual capacities. They asserted that Arocho-Rodríguez had not established a prima facie claim of political discrimination under the First Amendment. They also asserted a qualified immunity defense. They did not, however, brief the equal protection, Puerto Rico law, or official capacity claims. The accompanying statement of facts cited to the Second Amended Complaint and to Arocho-Rodríguez's deposition, and the sole exhibit attached to the facts consisted of excerpts from said deposition. The individual Defendants-Appellees did not submit any other evidence with their motion. The Municipality did not move for summary judgment.

In response, Arocho-Rodríguez admitted all of the facts save one (which does not impact this appeal), but he contended that factual disputes rendered summary judgment inappropriate. In making that argument, he did not cite to his deposition testimony

---

[1] Arocho-Rodríguez also brought a Fifth Amendment claim, which was dismissed with his consent.

directly, but he did cite to the individual Defendants-Appellees' statement of facts, which, as just stated, cited his deposition.

The district court referred the motion to a magistrate judge for a R&R. On July 2, 2024, the magistrate judge issued the R&R and recommended that the district court grant the motion for summary judgment. The R&R first concluded that in opposing the motion, Arocho-Rodríguez had "failed to develop any legal and factual argument in support of his claim under the First Amendment," and that he "merely cited to case law without providing any explanation or analysis of how these authorities support his position or support a finding that there is a triable issue of fact." Then, citing our rule that "undeveloped arguments are waived," the R&R concluded that summary judgment could be granted on the ground of waiver "alone." Nevertheless, the R&R also concluded that Arocho-Rodríguez had failed to establish a prima facie political discrimination claim because "there [were] absolutely no facts" or "admissible evidence" that showed Mayor Roldán knew of Arocho-Rodríguez's NPP affiliation, or that Nieves-Roldán and Morales-Nieves "participated in the employment decisions at issue." Given these findings, the R&R did not reach qualified immunity.

Arocho-Rodríguez filed objections to the R&R, asserting many of the same arguments he advances on appeal, which we will discuss below. His objections, however, did not sway the district

court.  On October 8, 2024, the district court entered a memorandum opinion adopting the R&R and granting the individual Defendants-Appellees' motion for summary judgment.  The district court thought Arocho-Rodríguez only supported his arguments with "allegations and speculation."  It thus concluded: "Because Arocho-Rodríguez has failed to fully develop his arguments or cite evidence to support his objections, the R&R properly recommended that summary judgment be granted."  The district court then entered judgment and dismissed the entire case with prejudice.  In doing so, the district court did not address the Fourteenth Amendment equal protection claim, the Puerto Rico law claims, or the municipal liability and official capacity claims. Arocho-Rodríguez timely appealed.

## II. DISCUSSION[2]

"We review a district court's grant or denial of summary judgment de novo, examining the record in the light most favorable to the nonmovant and drawing all reasonable inferences in that party's favor."  Dusel v. Factory Mut. Ins., 52 F.4th 495, 502-03 (1st Cir. 2022) (citing Murray v. Kindred Nursing Ctrs. W. LLC, 789 F.3d 20, 25 (1st Cir. 2015)).  It is axiomatic that summary judgment is only appropriate if the movant shows that "there is no

---

[2] The district court had jurisdiction under 28 U.S.C. §§ 1331 and 1367, and we have appellate jurisdiction under 28 U.S.C. § 1291.

- 6 -

genuine dispute as to any material fact" and that it "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Facts are material if they 'might affect the outcome of the suit under the governing law.'" Dusel, 52 F.4th at 503 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

In this appeal, Arocho-Rodríguez asserts three claims of substantive error. As a preliminary matter, however, the individual Defendants-Appellees encourage us to affirm on waiver grounds. The R&R concluded that Arocho-Rodríguez waived his First Amendment claim by "fail[ing] to develop any legal and factual argument" when opposing the motion for summary judgment. The district court adopted this conclusion, and the individual Defendants-Appellees vigorously defend it as an "independent and dispositive ground for affirmance."

True, Arocho-Rodríguez failed to flesh out his legal arguments. But his response in opposition was a far cry from the type of "undeveloped" argument we deemed waived in the case cited by the R&R. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (rejecting the appellant's "cursory" attempt to adopt his co-defendants' arguments by reference). And more significantly, the district court had an independent duty "to consider the motion on its merits, in light of the record as constituted, in order to determine whether judgment would be legally appropriate." Aguiar-Carrasquillo v. Agosto-Alicea, 445

- 7 -

F.3d 19, 25 (1st Cir. 2006) (quoting Mullen v. St. Paul Fire & Marine Ins., 972 F.2d 446, 452 (1st Cir. 1992)).

That duty arises from the Federal Rules of Civil Procedure, under which, as stated above, a district court must grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The corollary to this rule is that if there is a genuine dispute of material fact, or if the movant is not entitled to judgment as a matter of law, a district court may not grant summary judgment. That corollary holds true even where a motion for summary judgment is unopposed. See, e.g., Rivera-Aponte v. Gomez Bus Line, Inc., 62 F.4th 1, 8 (1st Cir. 2023) ("A court confronted with an unopposed summary judgment motion is still required to test the undisputed facts in the crucible of the applicable law in order to ascertain whether summary judgment is warranted." (citation modified)). The R&R, as adopted by the district court, erred in concluding that the motion for summary judgment could be granted based on waiver alone.

But this conclusion does not end our waiver analysis, because the individual Defendants-Appellees also argue that Arocho-Rodríguez "double[d] down" on his alleged waiver by failing to object to that part of the R&R, and then waived it again by failing to raise it as an issue on appeal. We take their point and are puzzled by Arocho-Rodríguez's failure to challenge the

R&R's waiver conclusion. But given the initial oversight by the district court, it does not make sense to enforce our usual "raise-it-or-waive-it" rule based on an entirely erroneous foundation. See Sindi v. El-Moslimany, 896 F.3d 1, 28 (1st Cir. 2018) ("Since the application of the so-called raise-or-waive principle is discretionary and non-jurisdictional, an appellate court may, under exceptional circumstances, elect to reach unpreserved issues in order to forestall a miscarriage of justice."). Hence, we turn to Arocho-Rodríguez's three claims of substantive error, addressing each seriatim.

Arocho-Rodríguez first challenges the district court's finding that Nieves-Roldán and Morales-Nieves were not "involve[d]" in the "harassment and discrimination" that led to Arocho-Rodríguez's "constructive discharge."

Section 1983 provides a civil remedy for individuals seeking redress for "the deprivation" of constitutional rights. 42 U.S.C. § 1983; see City of Okla. City v. Tuttle, 471 U.S. 808, 816 (1985). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); accord Pike v. Budd, 133 F.4th 74, 83 (1st Cir. 2025). Relevant here, defendants may not be held liable under a theory of respondeat superior; rather,

- 9 -

a plaintiff must show that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). The R&R concluded there was no evidence that Nieves-Roldán and Morales-Nieves had any "active involvement" in the constructive discharge of Arocho-Rodríguez, but we disagree.

In his deposition, Arocho-Rodríguez stated that his direct supervisor, Nieves-Roldán, (a) knew that Arocho-Rodríguez's server access was cut off, (b) knew other employees were making fun of him, and (c) was present when Mayor Roldán gave Arocho-Rodríguez a low performance evaluation and called him a liar. He further stated that when he complained about other employees who were taunting him, Nieves-Roldán told Arocho-Rodríguez: "Take your case to Yanitsia," the former NPP mayor. Morales-Nieves, meanwhile, delivered a "reprimand" for "less than satisfactory" performance, and when Arocho-Rodríguez said he did not agree with the warning, Morales-Nieves, "in a taunting manner" and "humiliating way" also told Arocho-Rodríguez to "take [his] case to Yanitsia Irizarry." Finally, Arocho-Rodríguez stated that Morales-Nieves scolded him for trying to "fool" the mayor about his political affiliation.

Thus, Arocho-Rodríguez's deposition testimony -- which was incorporated into the individual Defendants-Appellees' statement of facts and is not contravened by any record

- 10 -

evidence -- is that both Nieves-Roldán and Morales-Nieves were present and/or participated in the harassment, negative performance reviews, and change in working conditions that drove him to resign. See, e.g., Martinez-Vélez v. Rey-Hernández, 506 F.3d 32, 43-44 (1st Cir. 2007). We thus reach a conclusion different to that of the district court.

Next, Arocho-Rodríguez challenges the district court's finding that there was no evidence Mayor Roldán knew of Arocho-Rodríguez's affiliation with the NPP. To establish a First Amendment political discrimination claim, a plaintiff must show "(1) that the plaintiff and defendant have opposing political affiliations, (2) that the defendant is aware of the plaintiff's affiliation, (3) that an adverse employment action occurred, and (4) that political affiliation was a substantial or motivating factor for the adverse employment action." Méndez-Aponte v. Bonilla, 645 F.3d 60, 64 (1st Cir. 2011) (quoting Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 13 (1st Cir. 2011)).

At the second step, the R&R concluded, and the district court agreed, that there was no evidence the individual Defendants-Appellees had any knowledge of Arocho-Rodríguez's affiliation with the NPP, only "allegations and speculation." The individual Defendants-Appellees urge us to affirm this conclusion, arguing that the "undisputed record confirms" Arocho-Rodríguez

failed to establish a prima facie case of political discrimination. We again disagree.

In his deposition, Arocho-Rodríguez stated that Mayor Roldán instructed Nieves-Roldán to remove Arocho-Rodríguez's server access "for participating [in] the ratifying assembly for [the] former [NPP] mayor, Yanitsia Irizarry." He further stated that Mayor Roldán, "in a taunting and humiliating manner," told Arocho-Rodríguez "of course" he received a low performance evaluation because of his participation in that same assembly. These assertions clearly impute knowledge of Arocho-Rodríguez's NPP membership to Mayor Roldán, and they are not contradicted anywhere in the record. Similarly, as discussed above, Arocho-Rodríguez testified that both Nieves-Roldán and Morales-Nieves knew of his NPP affiliation. Though the individual Defendants-Appellees omitted most of this testimony from their statement of facts, that does not vitiate the testimony's preclusive impact on the motion for summary judgment. Therefore, we again disagree with the district court's finding to the contrary.

Finally, we consider Arocho-Rodríguez's third claim of error: that the district court should not have dismissed the entire case with prejudice. He points out that the Municipality and the individual Defendants-Appellees in their official capacities did not move for summary judgment, and argues that since the judgment

below was "premised on an erroneous reading of the record[,]" dismissal of the case was error.[3] Although the Municipality did not move for summary judgment below, it proffers numerous arguments in support of an affirmance, including an argument that there was no evidence of a policy or custom of political discrimination, as required to plead a § 1983 municipal liability claim. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

A district court has the power to enter summary judgment sua sponte. P.R. Elec. Power Auth. v. Action Refund, 515 F.3d 57, 64 (1st Cir. 2008), abrogated on other grounds as recognized by Portugues-Santana v. Rekomdiv Int'l, 657 F.3d 56, 60-61 (1st Cir. 2011). But "in an effort to limit the unfairness lurking in this approach," we "require[] two conditions" before such action. Id. (citation modified). First, discovery "must be sufficiently advanced that the parties have enjoyed a reasonable opportunity to glean the material facts." Id. (quoting Sánchez v. Triple-S Mgmt., Corp., 492 F.3d 1, 7 (1st Cir. 2007)). And "[s]econd, the district court must provide 'the targeted party appropriate notice and a chance to present its evidence on the essential elements of the

---

[3] In Arocho-Rodríguez's objections to the R&R below, he also asserted that "it was premature . . . to address [the] political discrimination claims under the . . . Fourteenth Amendment[]," since the individual Defendants-Appellees "did not develop any arguments for summary dismissal" of that claim. He does not reassert that argument on appeal, nor does he address the dismissal of the Puerto Rico law claims.

claim or defense.'" Id. at 64-65 (quoting Sánchez, 492 F.3d at 7).

In this case, the first requirement was met because discovery was complete. As to the second requirement, the district court did not give Arocho-Rodríguez notice -- formal or otherwise -- of its intent to dismiss the case entirely. See Triumph Foods, LLC v. Campbell, 156 F.4th 29, 41 (1st Cir. 2025) (noting that notice need not be "formal" or "explicit[]"), petition for cert. filed, No. 25-1047 (U.S. Mar. 2, 2026). This outcome does not "necessarily" require reversal if it was harmless. P.R. Elec. Power Auth., 515 F.3d at 65. But if the affected party was "procedurally prejudiced," i.e., "unable to present evidence in support of its position as a result of the unfair surprise," then we must reverse. Id.

Procedural prejudice is present here. While the Municipality devotes pages of its brief to the argument that Arocho-Rodríguez cannot prove municipal liability, it failed to move for summary judgment and advance these arguments in the district court. Similarly, the individual Defendants-Appellees moved for summary judgment on the individual capacity claims, but not on the official capacity claims. And the R&R only recommended dismissal of the First and Fifth Amendment claims against the "individual capacity Defendants." However, the district court dismissed the entirety of the case without notice or explanation.

(We can surmise that the dismissal was predicated on the findings of waiver and lack of evidence, but as discussed above, these findings cannot stand.)  Arocho-Rodríguez thus did not have an opportunity to marshal his evidence and arguments with respect to the municipal liability and official capacity claims.

### III. CONCLUSION

We **reverse** the judgment of the district court and **remand** for further proceedings consistent with this opinion.